## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

MELVIN ALEXANDER DIAZ                                                    PLAINTIFF

V.                                      CIVIL ACTION NO.  3:18CV839 HTW-LRA

UNIT MANAGER A. SMITH,
UNIT MANAGER C. CURRY, AND
SIS TECH- C. CLARK                                                     DEFENDANTS


### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Melvin Diaz files the instant action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against Federal Bureau of Prison ("BOP") employees.   Diaz, who was released from federal custody in June 2019, seeks 15 million dollars against each defendant for failing to transfer him during his previous confinement at the Federal Correctional Complex ("FCC-Yazoo") in Yazoo City, Mississippi.  Defendants A. Smith, C. Curry, and C. Clark assert that Diaz failed to exhaust administrative remedies that were available to him through the Bureau of Prison's mandatory four-step process set forth in 28 C.F.R. § 542.10-542.19 before filing his Complaint.  They request an order of dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Inmates exhaust their administrative remedies by complying with the Bureau of Prisons'

Administrative Remedy Program.  Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies.  *Id.*  Substantial compliance is insufficient.  *Id.*  However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies.  *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007)).  "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e, where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review."  *Schipke*, 239 F. App'x at 86 (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).  If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

28 C.F.R. § 542.10−542.19 establish a four-step BOP administrative remedy process for inmates seeking formal review of issues relating to their confinement.  An inmate must first file a BP-8 form requesting informal resolution.  If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred.  Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form.  If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel

within 30 days of the Regional Director's response.  Upon completing this multiple-tiered review process, a federal inmate has exhausted his administrative remedies.

The "failure to exhaust is an affirmative defense under the PLRA." *Jones v. Bock*, 549 U.S. 199, 216 (2007).  Because Defendants rely on matters outside the pleadings, the motion to dismiss should be construed as a motion for summary judgment.  *See* Fed. R. Civ. P. 12(b); *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995).  This Court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.  60 F.3d at 1164.  If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied.  To prevail, Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

The undisputed record before the Court demonstrates that Plaintiff failed to exhaust the Bureau's administrative remedy program before filing the instant suit. Liberally construed, Diaz alleges that he feared for his safety after receiving death threats from an MS-13 gang member.  Despite being placed in the Special Housing Unit (SHU) at FCC-Yazoo, Diaz alleges that Defendants failed to investigate and timely transfer him to a different facility leaving him "to sit in [the] Shu for 14 months for no reason."[1]

---

[1] ECF No.  1.

In response, Defendants submit Diaz's administrative records and the affidavit of Michael FiggsGanter, an Attorney Advisor at FCC Yazoo. In this position, FiggsGanter has access to and knowledge of "SENTRY"— a computer records system that tracks an inmate's use of the BOP's administrative remedies program. (ARP). A Sentry search conducted by FiggsGanter reflects that of the six administrative remedy requests filed by Diaz related to this claim, none were properly filed and were rejected on the administrative level. The records also show that Diaz "never corrected the deficiencies in any of these rejected remedies," and was released from federal custody on June 7, 2019.[2]

The law is clear. An inmate must complete all steps in the administrative process, including complying with administrative deadlines and other procedural rules before exhaustion is proper. *Woodford v. Ngo,* 548 U.S. 81, 89–92 (2006). If an inmate has filed "an untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). It is not enough to merely initiate the grievance process. Diaz must pursue the "grievance remedy to conclusion." *Id.*

Diaz does not dispute his failure to exhaust nor has he responded to the summary judgment motion.[3] Further, to the extent Diaz contends that his transfer to a new facility was an impediment to his exhaustion, the mere transfer to a new facility does not excuse the failure to exhaust. Nothing of record indicates that he has experienced "any problems

---

[2] ECF No. 27-1—27-3.

[3] The docket reflects that Diaz's last communication with the Court was a "Change of Address" filed on July 5, 2019. A copy of the ECF notice confirming the address was returned as undeliverable on July 22, 2019. ECF Nos. 23, 24.

at the new facility that prevented him from filing grievances regarding the incident [at FCC-Yazoo]." *Lindsey v. Striedel*, 486 F. App'x 449, 452 (5th Cir. 2012) (citing *Dillon*, 596 F.3d at 267).

For these reasons, it is the recommendation of the undersigned that Defendants' Motion be granted for failure to exhaust administrative remedies.  Because the undersigned so recommends, the arguments raised by Defendants in the alternative need not be addressed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on July 13, 2020.


_____s/ Linda R. Anderson_____
UNITED STATES MAGISTRATE JUDGE
